

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 21, 1962

Honorable Jesse James
State Treasurer
Capitol Station
Austin, Texas

Opinion No. WW-1507

Re: Payment of pro rata
interest on refunded
money paid under pro-
test under submitted
facts.

Dear Mr. James:

We quote the following excerpt from your letter requesting our opinion on the above captioned matter:

"We respectfully request your opinion regarding the payment of pro rata interest to companies refunded monies paid to the state under protest and refunded under conditions as listed below:

"1. When companies pay under protest for taxes to the State, shall the State Treasurer pay pro rata interest along with the refund payment when refunds are made <u>without suit</u> being filed such as under conditions set out in Attorney General's Opinion WW-1169?

"2. When companies file suit for refund of monies paid under protest, and after suit is filed, other protest payments are made on a continuing basis for the same reason and judgment is awarded these companies on original suits and no amended petitions are filed, shall the State Treasurer pay pro rata interest on refund of pro-tested payments not included in the original suit?

"3. Where suits are dismissed and refunds are made to companies because laws are declared unconstitutional, shall the State Treasurer make payment of pro rata interest on these refunds?"

Opinion No. WW-1169 held that refunds in the full amount of the taxes in controversy were authorized under the provisions of Article 4388, Vernon's Civil Statutes, in the following situations: (1) where suits were properly filed under the provisions of the protest statute and were later dismissed by the taxpayer and (2) where suits were properly filed under the protest statute and the judgments did not include all of the taxes paid under protest.

Article 4388 reads as follows:

"The State Treasurer shall receive daily from the head of each Department, each of whom is specifically charged with the duty of making same daily, a detailed list of all persons remitting money the status of which is undetermined or which is awaiting the time when it can finally be taken into the Treasury, together with the actual remittances which the Treasurer shall cash and place in his vaults or in legally authorized depository banks, if the necessity arises. The report from the General Land Office shall include all money for interest, principal and leases of school, university, asylum and other lands. A deposit receipt shall be issued by the Comptroller for the daily total of such remittances from each Department; and the cashier of the Treasurer's Department shall keep a cash book, to be called 'suspense cash book,' in which to enter these deposit receipts, and any others issued for cash received for which no deposit warrants can be issued, or when their issuance is delayed. As soon as the status of money so placed with the Treasurer on a deposit receipt is determined, it shall be transferred from the suspense account by placing the portion of it belonging to the State in the Treasury by the issuance of a deposit warrant, and the part found not to belong to the State shall be refunded. When deposit warrants are issued, they shall be entered in this cash book, as well as any refunds, and the balance shall represent the aggregate of the items still in suspense. Refunds shall be made in a manner similar to that in present use, except that separate series of

> warrants shall be used for making such refunds,
> to be called 'refund warrants,' and such war-
> rants shall be written and signed by the Comp-
> troller and countersigned by the Treasurer and
> charged against the suspense funds to which
> they apply. Such warrants shall then be
> returned to the Comptroller and delivered
> by him to the person entitled to receive
> them. Acts 2nd C.S.1909, p. 438; Acts
> 1930, 41st Leg. 5th C.S. p. 230, ch. 73
> § 3; Acts 1931, 42nd Leg. p. 396, ch. 242
> § 1."

Your first two questions are answered in the negative. Refunds in such cases are made pursuant to the provisions of Article 4388 which we have set out in full. You will note that this article makes no provision at all for the payment of pro rata interest.

Section (5) of Article 1.05, Ch. 1, Title 122A, 20A Tax-Gen, V.C.S., contains the following provision:

> ". . . In the event, however, that suit
> is brought by such taxpayer within the time
> and within the manner provided in this Arti-
> cle, and it be finally determined that such
> money so paid by such taxpayer, or any part
> thereof, was unlawfully demanded by such
> public official and that the same belongs
> to such taxpayer, then and in that event it
> shall be the duty of the State Treasurer to
> refund such amount, together with the pro
> rata interest earned thereon, to such tax-
> payer by the issuance of a refund warrant,
> . . ."

Since under the facts outlined in your questions 1 and 2 the protest statute has not been complied with, the provision for the payment of pro rata interest cannot be invoked by the tax-payer. Pro rata interest may be paid only in those instances in which the statutory procedure outlined in Article 1.05 has been followed.

We think that a different result must be reached under the facts stated in your third question and advise you that in such instances the Treasurer should make payment of pro rata interest on refunds of this type. True, such suits are not con-cluded by a final judgment in the taxpayer's favor as is usually the case in those instances in which refunds are paid pursuant to the provisions of the protest statute. However, there was

Honorable Jesse James, Page 4 (Opinion No. WW-1507)

in existence at the time of such dismissal a final judgment declaring the particular law involved to be unconstitutional. Article 1.05 does not provide that a final judgment in the taxpayer's favor be entered, but only states if "it be finally determined that such money so paid by such taxpayer . . . was unlawfully demanded . . ." the Treasurer shall refund such money together with the pro rata interest earned thereon to such taxpayer. The test case "finally determined" that such money was unlawfully demanded.

## SUMMARY

No pro rata interest may be paid on refunded money in those instances in which refunds are made pursuant to Article 4388, Vernon's Civil Statutes, even though said monies were originally paid under the protest statute, Article 1.05, 20A Tax-Gen, V.C.S., except in instances in which subsequent to the protested payment and prior to judgment in the suit for the tax refund, the law imposing the tax is declared unconstitutional.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Robert Rowland
Howard Mays
Marvin Sentell
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore